**IN THE COURT OF APPEALS OF IOWA**

No. 18-1807
Filed December 19, 2018

**IN THE INTEREST OF J.B. and J.B.,**
**Minor Children,**

**J.B., Father,**
    Appellant,

**A.T., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne Mefford, District Associate Judge.

A father and a mother separately appeal the termination of their parental rights. **REVERSED AND REMANDED ON BOTH APPEALS.**

Dustin D. Hite of Heslinga, Dixon & Hite, Oskaloosa, for appellant father.

Peter Stiefel, Victor, for appellant mother.

Thomas J. Miller, Attorney General, and John McCormally, Assistant Attorney General, for appellee State.

Dusty Clements of Clements Law & Mediation, Newton, guardian ad litem for minor children.

Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**DANILSON, Chief Judge.**

A father and a mother separately appeal the termination of their parental rights to their two children, Ja.B., born in August 2012, and Jo.B., born in February 2016. In light of the parents' notice to the court that they were ill and their lack of representation, the juvenile court abused its discretion in failing to continue the combined permanency and termination hearing and proceeding to terminate the parents' parental rights. We reverse and remand.

Ja.B. and Jo.B. came to the attention of the department of human services (DHS) in December 2016 due to the medical neglect of Ja.B.'s serious medical condition, which required tube-feeding with special food, bi-weekly blood draws for monitoring, and monthly gastrointestinal specialty appointments to ensure proper nutritional intake. The parents had not brought the child in for blood draws on a regular basis and had not brought him for his specialty appointments for two months. DHS provided voluntary services, including a daily home visit from a Family Safety, Risk, and Permanency provider to check on Ja.B.'s condition.

In April 2017, the father was arrested on controlled-substances charges. The mother and DHS entered into a safety plan, which required the father to live elsewhere. The hearing on the petition to find the children to be children in need of assistance (CINA) was scheduled for April 21. Both parents attended and some evidence was presented. However, the matter was continued because a State's witness was ill. The court ordered further hearing for June 14.

On May 10, law enforcement officers were called to the mother's home and the children were removed. An emergency removal hearing was scheduled for May 15 but was rescheduled for May 18. Both parents attended. The matter was

not concluded on May 18, however, and a further hearing was set. The juvenile court issued an interim removal order, noting the parents admitted not following the safety plan, the mother admitted marijuana use, the father admitted methamphetamine use, and the police had found methamphetamine and marijuana paraphernalia in the family home accessible to the children.

On June 16, 2017, following a June 14 removal and adjudicatory hearing, the court found the children to be in need of assistance. The court noted concerns of medical neglect, substance abuse, the father's pending criminal charges and absence from the state, significant developmental delays for both children, injuries on Ja.B. that raised concerns of physical abuse, and the mother's failure to comply with drug testing. The mother attended the June 14 hearing; the father did not.

In August 2017, the mother sought to have new counsel appointed. On August 11, a dispositional hearing was held and both parents were present. The court denied the mother's motion for new counsel and entered a dispositional order continuing the children's placement in foster care.

The mother attended the October 18, 2017 Foster Care Review Board review. The father was reported to be living in Oklahoma and struggling with drug addiction.

Both parents attended a February 8, 2018 dispositional review hearing. The court entered an order continuing the children's placement and ordering additional services.

On April 11, 2018, the father filed an "emergency application for additional services," asking that DHS provide him with transportation to the court-required

Iowa Domestic Abuser's Program. After an April 12 hearing, the court denied the application.

On April 26, 2018, neither the mother nor the father attended the scheduled permanency hearing. At 9:18 a.m. the day of the permanency hearing, the father called his attorney and left a message stating that they had no transportation. The mother did not contact her attorney. The juvenile court entered an order stating, in part:

> [T]he court does not excuse [the parents'] absence. The court is informed that the parents are contesting the recommendations contained in the DHS report. Testimony was received and a formal record was made. The court FINDS the hearing should be continued to allow additional evidence to be presented.

Further hearing was scheduled for May 30 at 9:00 a.m.

The continued permanency hearing was scheduled with the termination trial. At 7:07 a.m. on May 30, the mother emailed her CINA attorney, stating she was sick and not able to make it to the hearing. The father contacted the clerk of court and stated he had food poisoning and was unable to attend. The mother's attorney stated to the court:

> [The mother] has made attempts to convey that she won't be here this morning, so given that she's in contact with parties in the case, it's reasonable to assume that she would be able to be present at a continued hearing. So on those grounds, I would move to continue the permanency hearing in the two CINA files. Regarding my involvement or lack of involvement in the [termination of parental rights] TPR files, I believe my appointment as [the mother's] attorney was subject to her filing a financial affidavit and application for counsel. Given that one of those is not on file, I, at least, am operating under the assumption this morning that I am only representing her in the permanency hearings for the CINA files this morning.

The father's attorney also noted he represented the father "solely" in the CINA proceedings. The attorney asked that the permanency hearing be continued due to the father's illness.

The juvenile court acknowledged that neither attorney was representing the parents at the termination-of-parental-rights hearing. However, the court denied the motions to continue, stating:

> Mother and Father's absences today are not excused. Mother and Father's motions to continue today are denied. Historically, Mother and Father have been absent without any excuse from these CINA proceedings. They weren't here on 4-26-18 for the start of the permanency hearing. The court disbelieves the food poisoning excuse, and we'll proceed today on both the termination and the permanency hearing in both children's cases.

On October 7, the court entered its findings and conclusions, terminating both parents' parental rights on a number of grounds and the parents now appeal.

Both parents argue the juvenile court erred in failing to continue the combined permanency and termination hearing.

Our review of a ruling on a motion for a continuance is for an abuse of discretion. *In re R.B.*, 832 N.W.2d 375, 378 (Iowa Ct. App. 2013); *see also In re M.D.*, ___ N.W.2d ___, ___, 2018 WL 6259488, at *4 (Iowa 2018). Motions to continue are not to be granted except for good cause. *R.B.*, 832 N.W.2d at 378.

We conclude the juvenile court abused its discretion in not continuing the permanency and termination hearing under the unique circumstances presented here. A parent or any layperson would have difficulties understanding the inability of counsel to represent them for all proceedings. Moreover, in the petition for termination of parental rights, the State alleged both parents were represented by the same counsel representing them in the CINA proceedings. The order filed May

12, 2018, and served on the parties, set the hearing but also identified the same counsel as appointed to represent the parents, but also required the parents to file an Affidavit and Financial Statement to show they were indigent. A subsequent order filed May 24, 2018, stated, "The court FINDS the appointment of Attorneys Dustin D. Hite and Peter Stiefel is subject to the parents filing an affidavit of financial status." There is no indication the parents ever received this second order.

Both counsel made a motion to continue the permanency hearing. There was no effort made to accommodate the parents by letting them participate by phone, if possible, or allowing them to testify at a later date. The juvenile court simply found it disbelieved the parents' proffered excuse; noted their absence on the April 26, 2018, hearing; and denied the motions to continue.

We understand a continuance "may be detrimental to the best interests of children." *M.D.*, ___ N.W.2d at ___, 2018 WL 6259488, at *3. Moreover, the juvenile court could properly question the authenticity of the parents' excuse. However, under the circumstances here, the juvenile court abused its discretion in plowing forward in the termination proceeding without appointing counsel, at least, to assist the parents on a temporary basis in explaining the need to again apply for court-appointed counsel or considering any accommodations for their participation. We note that counsel in the CINA proceedings for both the mother and father were appointed as counsel for the parents in the appeal in all proceedings, including the termination proceeding.

Because the permanency hearing should have been continued, the order terminating parental rights must be reversed. Even if we could conclude it was not

proper to grant the continuance of the permanency hearing, going forward with the termination hearing in the absence of the parties and counsel under this record cannot withstand our obligation to ensure procedural fairness. *See id.* (discussing due process).

**REVERSED AND REMANDED ON BOTH APPEALS.**